### CE DISTRIBUTION, LLC, Plaintiff–Appellant,

v.

### NEW SENSOR CORPORATION, Defendant–Appellee.

No. 02–16305.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2003.

Filed Aug. 10, 2004.

---

Johnson, Phoenix, AZ, for Plaintiff–Appellant.

Jeffrey Messing, Santin, Poli & Ball, Phoenix, AZ, for Defendant–Appellee.

Before SILVERMAN, W. FLETCHER, and RAWLINSON, Circuit Judges.

RAWLINSON, Circuit Judge:

CE Distribution, LLC (CE) filed this action against New Sensor Corporation (New Sensor), asserting that New Sensor intentionally interfered with an exclusive importer/distributor agreement between CE and an Italian manufacturing company. CE also alleged that New Sensor breached a distributorship agreement between New Sensor and CE. Finally, CE requested a declaratory judgment that it did not infringe upon New Sensor's trademark rights.

Because we conclude that New Sensor had sufficient contacts with the State of Arizona to warrant the exercise of personal jurisdiction over New Sensor in that forum, we reverse the judgment of the district court granting New Sensor's motion to dismiss the action for lack of personal jurisdiction. We also remand for the district court to consider whether the exercise of pendent personal jurisdiction is appropriate in this case.

I.

*Background*

Both CE and New Sensor import and distribute electronic products. CE's principal place of business is in Arizona, and New Sensor's principal place of business is in New York.

Bennett Evan Cooper, Steptoe and Johnson, LLP, Peter B. Swann, Steptoe &

■ We glean the following facts from the complaint and the affidavits submitted by the parties in support of and in opposition to New Sensor's motion to dismiss. Where, as here, the district court did not conduct an evidentiary hearing, we take as true CE's version of the facts and we resolve in CE's favor all factual conflicts in the affidavits. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir.2003).

CE is the exclusive United States distributor of Jensen speakers, which are manufactured in Italy by Sica Altoparlanti (SICA). CE alleges that as of November 1999, New Sensor was aware of CE's exclusive distributorship. New Sensor purchased a significant number of Jensen speakers from CE between 1999–2001, remitting payment to CE in Arizona. New Sensor also sold products to and purchased products from CE's Arizona-based affiliate, Antique Electronic Supply. Additionally, New Sensor had a contractual relationship with Fender Musical Instruments, which is also based in Arizona.

In April 2001, CE hired one of New Sensor's former employees. That same month, New Sensor unsuccessfully sought to purchase Jensen speakers directly from SICA. Ultimately, New Sensor purchased Jensen speakers from a distributor outside the United States, and began selling Jensen speakers in the United States in competition with CE.

Complicating matters between the companies was the assignment of a trademark for electron tubes to New Sensor by the former exclusive distributor of the tubes. Upon obtaining the assignment, New Sensor promptly demanded that CE cease and desist from using the word "Svetlana" to advertise or sell goods, because it interfered with New Sensor's assigned trademark rights.[1]

CE filed this action in Arizona district court, asserting that New Sensor intentionally interfered with CE's exclusive importer/distributor agreement with SICA when New Sensor began purchasing and selling Jensen speakers. CE also alleged that New Sensor's action breached a distributorship agreement between CE and New Sensor. Finally, CE sought a declaratory ruling that its sale of electron tubes did not infringe upon New Sensor's assigned trademark.

New Sensor filed a motion to dismiss CE's claim, on the basis that the federal court in Arizona lacked personal jurisdiction over New Sensor. The district court granted New Sensor's motion, and denied CE's motion for reconsideration. CE filed this timely appeal.

## II.

### *Discussion*

#### A. *Standard of Review*

■ We review a district court's dismissal of an action for lack of jurisdiction *de novo. Harris Rutsky,* 328 F.3d at 1128. When no federal statute specifically defines the extent of personal jurisdiction, we look to the law of the state where the district court sits—in this case, Arizona. *See id.* at 1129. "Arizona's long-arm rule permits the exercise of personal jurisdiction to the extent allowed by the due process clause of the United States Constitution." *Ochoa v. J.B. Martin & Sons Farms, Inc.,* 287 F.3d 1182, 1188 (9th Cir. 2002) (citation omitted).

---

**1.** CE sold electron tubes from J.S.C. Svetlana, a Russian company, whose trademark consists of a stylized representation of the Cyrillic letter "C." New Sensor's assigned trademark was from Svetlana Electron Devices, an Alabama corporation whose trademark consists of a stylized letter "S" and the word "SVETLANA."

■ We apply the following three-part test to determine whether the exercise of specific jurisdiction over a defendant comports with due process:[2]

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum ... (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must ... be reasonable.

*Harris Rutsky*, 328 F.3d at 1129 (citation omitted).[3]

### B. *Intentional Tort Claim (Interference With Distributor Agreement)*

■ When an intentional tort claim is asserted, purposeful availment of the privilege of conducting activities in the forum state can be met by the "purposeful direction of a foreign act having effect in the forum state." *Id.* at 1130 (citation and internal quotation marks omitted). This standard, referred to as the "effects test," was articulated by the United States Supreme Court in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).

The effects test is satisfied if the defendant (1) commits an intentional act; (2) expressly aimed at the foreign state; (3) causing harm in the foreign state that the defendant knew was likely to be suffered in that state. *See Harris Rutsky*, 328 F.3d at 1131; *see also Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir.2000) (holding that the "express aiming" requirement of the effects test is met "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.").

■ CE alleges that New Sensor intentionally entered into a contract with a distributor of Jensen speakers outside of the United States, knowing that its action would impair CE's distribution rights, thereby causing harm to CE in Arizona. In *Harris Rutsky*, we ruled that the effects test was met when the defendant, a London company, allegedly interfered with the plaintiff's contractual relations by urging other London companies not to do business with the plaintiff. *See* 328 F.3d at 1128. We found this behavior sufficient to meet the effects test and support jurisdiction in a district court in California, even though it occurred entirely in London. *See id.* at 1131. Similarly, in *Myers v. Bennett Law Offices*, 238 F.3d 1068 (9th Cir.2001), we held that when an employee of an out-of-state defendant improperly ordered the plaintiffs' credit report, he was intentionally directing his activity into the forum where the plaintiffs resided. *Id.* at 1073–74.

Here, New Sensor engaged in the Jensen transactions outside Arizona, but it is reasonable to infer that New Sensor had every reason to know that the effect of the transactions would resonate in Arizona. CE alleges that it had a previous business relationship with New Sensor spanning a period of several years. New Sensor was aware that CE was based in Arizona and was the sole United States distributor of Jensen speakers. CE alleges that New Sensor's actions were intended to undermine CE's status as the sole distributor of Jensen speakers in the United States. In the face of New Sensor's awareness of the harm to CE's exclusive business located in Arizona, and because of the intentional

---

2. On appeal, CE does not assert that general personal jurisdiction over New Sensor existed.

3. The district court's ruling was made before we decided *Harris Rutsky*.

nature of New Sensor's action, the first (intentional act) and second (aimed at Arizona) requirements for specific personal jurisdiction are met.

 The third requirement for the exercise of specific jurisdiction over New Sensor is that the exercise of the jurisdiction be reasonable. We consider the following seven factors when making this determination:

(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Harris Rutsky*, 328 F.3d at 1132 (citation omitted).

These factors do not overwhelmingly favor either party. However, a plurality of the factors weigh in favor of the exercise of jurisdiction.

Factor (1) is neutral. New Sensor conducted business with Arizona companies, including CE, and received occasional orders from individuals located in Arizona. However, sales to individuals and businesses in Arizona amount to less than 3% of New Sensor's annual sales.

Factor (2) weighs slightly in favor of New Sensor and against the exercise of personal jurisdiction in Arizona. Undoubtedly, it would be more burdensome for New Sensor to litigate in Arizona than in New York, where New Sensor has its principal place of business. Nevertheless, with the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is sub-

stantially less than in days past. *See id.* at 1132–33.

Factor (3) favors CE and the exercise of personal jurisdiction. Nothing in the record indicates that litigation of this matter in Arizona would create a conflict with the sovereignty of the State of New York.

Factor (4) weighs in favor of CE and the exercise of personal jurisdiction. The forum state has a substantial interest in adjudicating the dispute of one of its residents who alleges injury due to the tortious conduct of another. *See id.* at 1133 (presuming the forum's interest in adjudicating the plaintiff's claim).

Factor (5) is in equipoise. New Sensor contends that the majority of the witnesses and evidence relevant to this dispute are outside Arizona. CE counters that a significant portion of the witnesses and documents relevant to CE's claims are located in Arizona.

Factor (6) slightly favors CE and the exercise of personal jurisdiction. CE chose to adjudicate the litigation in Arizona, its home forum. Litigating in one's home forum is obviously most convenient. We have noted, however, that this factor is "not of paramount importance." *Harris Rutsky*, 328 F.3d at 1133.

Factor (7) favors New Sensor, and weighs against the exercise of personal jurisdiction in Arizona. New York is a possible alternative forum, indeed one where personal jurisdiction over New Sensor is virtually unassailable.

In sum, factors (3), (4) and (6) favor CE and the exercise of personal jurisdiction over New Sensor. Factors (2) and (7) weigh in favor of New Sensor, and against the exercise of personal jurisdiction. Factors (1) and (5) are neutral. Because a plurality of the factors weigh in favor of the exercise of personal jurisdiction, the exercise of personal jurisdiction over New

Sensor is reasonable. *See id.* at 1134 (finding exercise of jurisdiction reasonable even though balancing the seven factors resulted in "a wash").

Because New Sensor intentionally engaged in conduct, the primary effect of which it knew would be felt in Arizona, and because the exercise of personal jurisdiction over New Sensor is reasonable, the district court erred in granting New Sensor's motion to dismiss CE's tortious interference claim for lack of jurisdiction.

C. *Breach of Contract Claim (Oral Sales Agreement Between CE and New Sensor)*

■ In a breach of contract action, "the 'purposeful availment' requirement is satisfied if the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents." *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir.1995) (citation omitted).

■ The only contacts New Sensor had within the State of Arizona were the purchases and sales between New Sensor and Arizona companies, including CE, and occasional orders New Sensor received from individuals located in Arizona. These purchases and sales, however, had little relation to the breach of contract claim that CE now seeks to bring. Despite these limited contacts, we conclude that the district court had discretion to exercise personal jurisdiction over the contract claim under the doctrine of pendent personal jurisdiction, because personal jurisdiction existed as to CE's intentional tort claim.

In *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,* 557 F.2d 1280 (9th Cir.1977), we discussed the potential application of pendent personal jurisdiction, noting that:

> if the court determines that there has been a sufficient showing of personal jurisdiction to reach trial with regard to

one claim, but not the other, it may or may not be appropriate to assume jurisdiction over the other claim under principles analogous to the doctrine of pendent jurisdiction.

*Id.* at 1289 n. 8 (citation omitted).

More recently, we have explicitly adopted the concept of pendent personal jurisdiction. In *Action Embroidery v. Atlantic Embroidery,* 368 F.3d 1174 (9th Cir. 2004), we recognized that under the doctrine of pendent personal jurisdiction, a defendant may be required to defend a "claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Id.* at 1180 (citations omitted).

■ CE's claims for tortious interference with contract and for breach of contract arise from a common nucleus of fact. Thus, the intentional interference claim may serve as the basis for the exercise of pendent personal jurisdiction over the breach of contract claim. *See id.* As we recognized in *Action Embroidery,* "[w]hen a defendant must appear in a forum to defend against one claim, it is often reasonable to compel that defendant to answer other claims in the same suit arising out of a common nucleus of operative facts." *Id.* at 1181. Whether to exercise pendent personal jurisdiction is committed to the sound discretion of the district court. *See id.*

D. *Declaratory Relief Action*

■ For the reasons included in our discussion of the breach of contract claim, we hold that the exercise of pendent personal jurisdiction may also be appropriate for the declaratory relief claim. Although the facts underlying the declaratory relief claim do not exactly track the facts under-

lying the claims for intentional interference with contract and breach of contract, the core facts of the claims are the same. The allegations and counterallegations concern the same basic facts—competing sales of electronic products—and are sufficiently connected to support pendent personal jurisdiction. *See Channell v. Citicorp Nat'l Svcs., Inc.,* 89 F.3d 379, 385 (7th Cir.1996) (noting that for purposes of pendent jurisdiction, only a "loose factual connection between the claims" is necessary) (alteration and citation omitted); *see also Blakely v. United States,* 276 F.3d 853, 862 (6th Cir.2002) (same).

### III.

*Conclusion*

With respect to CE's tort claim, the district court had personal jurisdiction over New Sensor under the "effects test." Because there is personal jurisdiction for one claim, consideration of pendent personal jurisdiction is appropriate for the remaining claims. Accordingly, the district court's holding that it lacked personal jurisdiction over New Sensor is REVERSED. This case is REMANDED for further proceedings on CE's claim for intentional interference with contract, and for the exercise of the court's discretion regarding the application of pendent personal jurisdiction to the remaining claims.

REVERSED AND REMANDED.