## In re WIRELESS FACILITIES, INC. DERIVATIVE LITIGATION.

### Civil No. 04CV1663 JAH (NLS).

United States District Court, S.D. California.

Feb. 26, 2008.

---

Brian J. Robbins, Robbins Umeda and Fink, San Diego, CA, David H. Leventhal, Faruqi & Faruqi, LLP, New York, NY, Matthew J. Zevin, Stanley Mandel and Iola, San Diego, CA, for Rosario Pedicini Derivatively.

Eric Martin Acker, Tyson E. Marshall, Morrison and Foerster, San Diego, CA, for Wireless Facilities, Inc.

Nathaniel C. Klein, Howrey, Irvine, CA, Robert E. Gooding, Jr., Howrey LLP, Irvine, CA, Tyson E. Marshall, Morrison and Foerster, San Diego, CA, for Masood K. Tayebi.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS GHASSEMI, JACOBSEN, ANDERSON, JARVIS, HOGLUND, AND MAZILLY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [DOC. # 77]**

JOHN A. HOUSTON, District Judge.

### INTRODUCTION

Now before the Court is the motion to dismiss for lack of personal jurisdiction filed by defendants Farzad Ghassemi, Gregory Jacobsen, Scott I. Anderson, Scot Jarvis, William Hoglund, and William Mazilly (collectively the "nonresident defendants"). The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits presented, and for the reasons set forth below, this Court GRANTS IN PART and DENIES IN PART the nonresident defendants' motion.

### BACKGROUND

Plaintiff Rosario Pedicini filed a shareholder derivative complaint on behalf of Wireless Facilities, Inc. ("WFI" or "Wireless") on August 17, 2004, presenting causes of action for breach of fiduciary duty for failure to exercise appropriate oversight of Wireless and unlawful insider trading against various officers and directors of Wireless. Plaintiff Michael Roth filed a similar complaint on September 9, 2004. On February 7, 2005, this Court consolidated the two complaints. *See* Doc. # 25. Plaintiffs Pedicini and Roth (collectively "plaintiffs") subsequently filed a Consolidated Verified Shareholder Derivative Complaint on March 31, 2005. Doc. # 26.

This Court, on March 21, 2007, granted in part and denied in part the nonresident defendants' motion to dismiss for lack of personal jurisdiction, dismissing all the nonresident defendants except defendant William Owens.[1] *See* Doc. # 65. Plaintiffs filed an amended complaint on March 27, 2007. The instant motion was filed on July 20, 2007. Plaintiffs' opposition was filed on September 25, 2007 and the nonresident defendants' reply brief was filed

---

1. Defendant William Owens' motion was denied by this Court in its previous order. *See* Doc. # 65. Owens is not a party to the instant motion. Defendant Mazilly was only

on October 16, 2007. This Court subsequently took the motion under submission without oral argument. *See* CivLR 7.1(d.1).

### DISCUSSION

The nonresident defendants move to dismiss plaintiffs' amended complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### 1. Legal Standard

■ Under Rule 12(b)(2), a court may dismiss a case for "lack of jurisdiction over the person." Fed.R.Civ.P. 12(b)(2). To survive a motion to dismiss, a plaintiff must make a *prima facie* showing of jurisdictional facts to support the exercise of personal jurisdiction. *See Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir.1995). "Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Core–Vent Corp. v. Nobel Indus. A.B.,* 11 F.3d 1482, 1484 (9th Cir.1993).

■ The Ninth Circuit has established a two prong test for determining if the Court's assertion of personal jurisdiction is proper: (1) " 'jurisdiction must comport with the state long-arm statute,' " and (2) jurisdiction must comport " 'with the constitutional requirement of due process.' " *Mattel, Inc., v. Greiner & Hausser GmbH,* 354 F.3d 857, 863 (9th Cir.2003) (quoting *Ziegler v. Indian River County,* 64 F.3d 470, 473 (9th Cir.1995)). As to the first prong, California's long arm statute provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this State or of the United States." Cal.Civ.Proc.Code § 410.10 (2003). Because California law

allows the exercise of jurisdiction to the same extent as due process under the United States Constitution, the only question is whether the exercise of jurisdiction over the defendant is constitutional. *See Mattel,* 354 F.3d at 863. Under a due process analysis, the Court may only exercise jurisdiction in accord with "traditional notions of fair play and substantial justice." *Id.* (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Thus a nonresident defendant is required to have "certain minimum contacts" with the forum state in order for jurisdiction to be proper. *Id.*

■ Personal jurisdiction may be found where the defendant's activities subject him to either general or specific jurisdiction. General jurisdiction exists where a nonresident defendant's activities within a state are "substantial" or "continuous and systematic." *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1287 (9th Cir.1977). In the absence of general jurisdiction, a nonresident defendant may still be sued in the forum if specific jurisdiction exists. *Id.*

■ Plaintiffs bear the burden of making a *prima facie* showing that jurisdiction is proper. *Mattel,* 354 F.3d at 862 (citing *Harris Rutsky,* 328 F.3d at 1128). Plaintiffs need only make a *prima facie* showing that personal jurisdiction exists but "cannot 'simply rest on the bare allegations of [the]complaint.' " *Id.; see Ochoa v. J.B. Martin and Sons Farms, Inc.,* 287 F.3d 1182, 1187 (9th Cir.2002). "To make that showing, [plaintiffs] need only demonstrate facts that, if true, would support jurisdiction over the [d]efendants." *Id.* " 'Conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a *prima facie* case for personal

named as a defendant in the amended com-    plaint and was not a party to the first motion.

jurisdiction exists.'" *Gator.com Corp. v. L.L. Bean, Inc.,* 341 F.3d 1072, 1075–76 (9th Cir.2003) (quoting *A.T. & T. v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir.1996)); *see also Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir.2001).

### 2. Analysis

The nonresident defendants contend that plaintiffs cannot demonstrate facts supporting either general nor specific jurisdiction over them. Plaintiffs contend that general jurisdiction exists over defendant Mazilly and specific jurisdiction exists over all the nonresident defendants.[2]

### A. General Jurisdiction

■ There is a fairly high standard required to establish general jurisdiction. *Bancroft & Masters, Inc. v. Augusta Nat., Inc.,* 223 F.3d 1082, 1086 (9th Cir.2000). Contacts with the forum state must be of the sort that approximate physical presence. *Id.* Courts consider "whether the defendant makes sales, solicits or engages in business in the forum state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id.* (citations omitted). This Court is mindful that the Ninth Circuit has "regularly declined to find general jurisdiction even where the contacts were quite extensive." *Amoco Egypt Oil Co. v. Leonis Navigation Co.,* 1 F.3d 848, 851 n. 3 (9th Cir.1993).

Plaintiffs contend that "Mazilly's contacts with California have been substantial, continuous, and systematic, [thereby] subjecting him to general jurisdiction in California." Opp. at 7. Plaintiffs explain that:

Mazilly owned a house in Mission Vie'o, California from 1991 to 2006, his wife lived in the house while he worked for FI, and he visited his wife on a monthly basis. Mazilly was the only source of income for his family, who lived in California while he was abroad. He paid California taxes during that time period. He filed California State income taxes as well, from 1991 through 2005. From 1991 to 2006, Mazilly owned a car and registered the car under his name, in California. Of course, Mazilly also had a California driver's license, covering the same time period. He also maintained, and continues to maintain, a checking account [in California], from 1991 through the present.

Mazilly also maintained substantial work-related contacts with California.

According to his own Declaration filed with his Motion to Dismiss, he acknowledges that: he lived and worked in California from 1991 through 1994; even when he worked elsewhere he returned to his California home to visit his wife, approximately 30 days per year; although based in Mexico, he worked for WFI, a California headquartered company, from October 2000 through December 2005; during that period time period, he returned to California four times

---

**2.** The amended complaint also relies upon *quasi in rem* jurisdiction as a basis for this Court's jurisdiction over some of these defendants. *See* Doc. # 65 at 29, 39, 40. The nonresident defendants contend that plaintiffs' reliance on this jurisdictional basis is in error because *quasi in rem* jurisdiction is no longer a valid jurisdictional basis without establishing minimum contacts with the forum state. *See* Mot. at 16–17 (citing *Shaffer v. Heitner,* 433 U.S. 186, 209, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)(holding that the minimum contacts test governing *in personam* jurisdiction should also be applied to *in rem* and *quasi in rem* actions and that the presence of property alone in the state is insufficient to support jurisdiction)). Plaintiffs do not address the issue in opposition. This Court's review of the case authority cited reveals that the nonresident defendants are correct. Therefore, this Court does not address this basis for jurisdiction.

a year and spent five days per ear in California for recreation. Moreover, while Mazilly was employed with WI, at least part of Mazilly's pay was regularly wired to Mazilly's California-based bank account.

*Id.* at 7–8 (citing Mazilly Tr. (Seely Decl., Exh. M) at 14–16, 29–30, 40, 48; Mazilly Decl. (Marshall Decl., Exh. 1) ¶¶ 2–4, 9–10).

The nonresident defendants do not dispute that Mazilly owns and pays property taxes, owns and registers a car, maintains a driver's license, continues to maintain and wires money into a checking account, paid state income taxes (until 2005) and visits 30 times per year in California. *See* Reply at 3. However, the nonresident defendants point out that Mazilly has testified he never intended to return to California once he left in 1994 and does not consider himself a citizen. *Id.* The nonresident defendants claim the only reason Mazilly did not cut all ties with California was because his wife was battling cancer and had to remain there until her death in 2006. *Id.* at 3–4. The nonresident defendants contend it would be unfair to assert general jurisdiction over Mazilly simply because his wife could not leave California. *Id.* at 4 citing *Kulko v. California,* 436 U.S. 84, 92–94, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (no jurisdiction over nonresident father who sent money to support his children who lived with their mother in California).

■ This Court disagrees with the nonresident defendants. This Court is unconvinced that Mazilly's contacts with California are similar to those of the divorced father in *Kulko* whose contacts with the forum state were due to his ex-wife's decision to live in California and his child's desire to live with her mother. *See id.,* 436 U.S. at 92–94, 98 S.Ct. 1690. This case does not involve the type of "unilateral activity" that the Supreme Court found insufficient to satisfy the requirement of contact with the forum to invoke jurisdiction. *See id.* at 94, 98 S.Ct. 1690. This Court finds that, here, defendant Mazilly's property ownership coupled with his other contacts with California, that is, maintaining a driver's license and checking account, paying income taxes, and visiting more than twice per month, could reasonably be considered as serving the state's markets and soliciting or engaging in business in California. As such, this Court finds defendant Mazilly's contacts with California are so continuous and systematic as to approximate his physical presence there. *Bancroft & Masters,* 223 F.3d at 1086. Thus, this Court finds defendant Mazilly' contacts meet the "exacting standard" required for this Court to assume general jurisdiction over defendant Mazilly. *See Arnold Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 804 (9th Cir. 2004).

## B. Specific Jurisdiction

■ Plaintiffs further contend that specific jurisdiction exists as to the remaining nonresident defendants. The Ninth Circuit has established a three part test to determine whether there is specific jurisdiction over a defendant:

"Specific" jurisdiction exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privilege of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

*Mattel,* 354 F.3d at 863 (quoting *Bancroft & Masters,* 223 F.3d at 1086). The Court must assess the contacts of each defendant separately to determine whether personal

jurisdiction exists for each particular defendant. *Harris Rutsky & Co. Ins. Servs. Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1130 (9th Cir.2003); *Sher v. Johnson,* 911 F.2d 1357, 1365 (9th Cir.1990); *Gutierrez v. Givens,* 1 F.Supp.2d 1077, 1083 n. 1 (S.D.Cal.1998). All three prongs of the test must be met to establish specific personal jurisdiction. *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 817–18 n. 10 (9th Cir.1988).

### 1. Defendants Ghassemi and Jacobsen

■ Although this Court is not convinced that the purposeful availment test has been met in regards to these two nonresident defendants, this Court need not make that determination because the allegations presented fail to meet the "arising out of" prong of the specific jurisdiction test. The "arising out of" prong requires a "but for" analysis, that is, the Court must ask: but for the nonresident defendants' contacts with California, would plaintiffs' claim against these defendants have arisen? *Ballard v. Savage,* 65 F.3d 1495, 1500 (9th Cir.1995). The nonresident defendants contend the answer to this question is "no" because none of these nonresident defendants' contacts with California were causally related to the claims against them in this case and, thus, assert their contacts with California do not meet the "but for" test required to invoke personal jurisdiction. *See* Mot. at 11–14.

Defendant Ghassemi, a citizen of Virginia, has held the following positions at Wireless: President of the WFI Network Services Division, Executive Vice President, Senior Vice President, WFI Network Services, Senior Vice President of Engineering and Vice President of Radio Frequency Engineering. *See* Doc. # 67 ¶ 47. Defendant Ghassemi is alleged to have received, had knowledge of, or should have had knowledge of, alleged improper back-

dating and springloading of stock option grants to WFI insiders based on his position at WFI. *Id.* Defendant Jacobsen, a Colorado citizen, held the positions of Executive Vice President, Business Development & Sales, Marketing and Outsourcing and President of Outsourcing during the relevant period. *See id.* ¶ 49. Defendant Jacobsen is also alleged to have received, had knowledge of, or should have had knowledge of, the alleged stock option backdating and springloading scheme due to his position at Wireless. *Id.*

The nonresident defendants claim that these two defendants' contacts with California do not meet the "but for" test required to invoke personal jurisdiction. *See* Mot. at 12–13. This Court previously found that defendant Ghassemi's contacts with California, limited to two or three visits while acting in his official capacity as an employee of Wireless and conducting weekly conference calls in the same capacity with other Wireless employees (some that may have been located in California); and defendant Jacobsen's contacts, consisting of approximately fourteen visits to California during his tenure at Wireless and participation in conference calls with other Wireless employees located in California, were not causally related to the allegations presented in the original complaint concerning finance and accounting irregularities which culminated in the restatement of assets that is the core of the instant lawsuit. *See* Doc. # 65 at 9. The new stock option allegations fail to correct this deficiency. This Court's review of the record reveals that there is no indication that, but for these defendants' visits to California and conference calls conducted in their official capacities, the stock option claims against them would not have arisen. Ghassemi is an electrical engineer and testified his work involved designing and deploying networks for wireless carriers and

vendors. Ghassemi Dep. (Marshall Decl., Exh. 7) at 12, 16. Jacobsen testified he was hired by Wireless to test the market for outsourcing. Jacobsen Dep. (Marshall Decl., Exh. 8) at 18–19. In this Court's view, the roles these two defendants played at WFI had nothing to do with the issuance of stock options. Plaintiffs contend that, "[a]t the very least, receiving illegally inflated stock options from a California headquartered company should subject Jacobsen and Ghassemi to the jurisdiction of this Court at least with regard to the equitable claims." Opp. at 11. As noted by the nonresident defendants, plaintiff provides no authority for this proposition and this Court's own independent research has unearthed no authority to support plaintiffs' position. This Court is unconvinced that plaintiffs sufficiently demonstrate these defendants must have known[3] about the alleged stock options scheme simply by pointing to the positions these defendants at Wireless. *See* Doc. # 65 at 8–9.

This Court finds that there is nothing in the record to a support a finding that, but for Ghassemi and Jacobsen's contacts with California, the claims against them would not have arisen. Therefore, this Court finds plaintiffs have failed to establish their claims against defendants Ghassemi and Jacobsen arose out of or resulted from these defendants' forum-related activities.[4] *Mattel,* 354 F.3d at 863. Accordingly, this Court finds it lacks personal jurisdiction over defendants Ghassemi and Jacobsen.

### 2. Defendants Hoglund, Anderson and Jarvis

This Court also finds that it lacks personal jurisdiction over defendants Hoglund, Anderson and Jarvis but for a different reason: plaintiffs fail to present allegations sufficient to meet the purposeful availment prong in order to invoke personal jurisdiction over these defendants. The purposeful availment prong is treated differently depending on whether the claims in the case sound in tort or in contract. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitsme,* 433 F.3d 1199, 1206 (9th Cir.2006). Plaintiffs' claims sound only in tort. In tort cases, a court must inquire as to "whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Id.* quoting *Schwarzenegger,* 374 F.3d at 803 (internal citations omitted); *see Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984); *see also CE Distrib., LLC v. New Sensor Corp.,* 380 F.3d 1107, 1111 (9th Cir.2004); *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir.2002). In the Ninth Circuit, the "effects" test is construed as imposing three requirements: "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger,* 374 F.3d at 803 (quoting *Dole Food,* 303 F.3d at 1111).

---

**3.** Both of these defendants claim they had little or no knowledge of how stock options were dated or approved. *See* Ghassemi Dep. at 20–21; Jacobsen Dep. at 59–60. However, because the complaint alleges actual or constructive knowledge, whether these defendants actually knew is not material for purposes of this motion.

**4.** Because this Court finds no causal connection between these nonresident defendants' conducts and the claims against them, this Court does not address whether plaintiffs have met the purposeful availment prong or whether jurisdiction would be reasonable. *McGlinchy,* 845 F.2d at 817–18 n. 10.

The amended complaint alleges nonresident defendants Hoglund, Anderson and Jarvis "intentionally approved backdated and springloaded options to purchase WFI stock—a Company headquartered in California—to California citizens as members of the Compensation committee." Doc. # 67 ¶ 30. The nonresident defendants contend these allegations are insufficient to meet the purposeful direction prong, pointing out that this Court previously found similar allegations insufficient. Mot. at 9–10. Specifically, the nonresident defendants note that this Court determined plaintiffs improperly attempted to demonstrate purposeful direction solely through the nonresident defendants acts conducted in their capacity as directors of Wireless by issuing allegedly false and misleading SEC filings and press releases based on improper accounting practices. *Id.; see* Doc. # 65 at 9–13. The nonresident defendants suggest that the inclusion of backdating and springloading stock options allegations is merely an additional reason why the accounting was purportedly improper and, thus, "does not change the jurisdictional analysis." *Id.*

Plaintiffs present no new arguments to dispute the nonresident defendants contentions.[5] *See* Opp. at 12. Instead, plaintiffs point to a recent decision issued by the Honorable Barry Ted Moskowitz, United States District Judge, in which the court found specific jurisdiction over two nonresident defendants alleged to have been involved in backdating of stock options, among other things. *See id.* (citing *In re Infosonics Corporation Derivative Litigation,* 2007 WL 2572276 *4 (S.D.Cal. Sept.4, 2007)). Although plaintiffs are correct that the facts relating to the purposeful direction prong in *Infosonics* are quite similar to the facts here,[6] plaintiffs fail to point out that the defendants in that case were also alleged to have taken the additional affirmative step of concealing their conduct in order to benefit themselves to the detriment of the company. *See Id.* at *5, *10–11. No such allegation can be found here. In this Court's view, the addition of allegations of concealment demonstrate the defendant in *Infosonics* had a more personal role in the alleged improper actions than that of just any member of the board or committee. Here, there are no concealment allegations that might infer the nonresident defendants' participation was conducted in any capacity other than in their capacities as board and committee members of WFI. Thus, this Court finds the facts in *Infosonics* are not analogous to the facts here.

Absent any new argument or authority to persuade this Court that its prior reasoning was in error, this Court finds the addition of stock option backdating and springloading allegations fails to cure the

---

**5.** Plaintiffs argue as follows: "[a]s a result of insider knowledge, and their respective positions on the Board, as well as their respective positions on the audit and/or compensation committees, Jarvis, Anderson and Hoglund intentionally or recklessly approved the backdated and springloaded option grants and knew, or should have known, that harm would be caused to the Company as a result of their wrongful conduct." Opp. at 12. This Court finds this argument almost identical to plaintiffs' prior arguments presented in regards to the allegations of participating in the preparation and issuance of false and misleading press releases and SEC filings which this Court found insufficient to establish a *prima facie* case of personal jurisdiction. *See* Doc. # 65 at 10.

**6.** Plaintiffs, in *Infosonics,* alleged that two members of the company's board and compensation and audit committees were involved in the alleged improper backdating of stock options and issuance of misleading SEC filings and public statements, among other things, and attended board and committee meetings in person and by telephone in California. *See id.,* 2007 WL 2572276 at *4.

complaint's prior deficiencies in pleading personal jurisdictional facts as to these three defendants. This Court finds the allegations presented in the amended complaint still fail to demonstrate the nonresident defendants' actions were intentionally aimed at the forum state to cause harm there. *Schwarzenegger,* 374 F.3d at 803. Therefore, this Court finds plaintiffs have failed to establish nonresident director defendants Hoglund, Anderson and Jarvis " 'purposefully direct[ed] [their] activities' at the forum state" thereby availing themselves of the privilege of conducting activities in California such that this Court should assert specific personal jurisdiction over them.[7] *Id.*

### CONCLUSION AND ORDER

Based on the foregoing, this Court finds that assertion of general jurisdiction over nonresident defendant Mazilly is constitutionally reasonable. However, this Court finds that the assertion of either general or specific personal jurisdiction in this case over nonresident defendants Ghassemi, Jacobsen, Anderson, Jarvis, and Hoglund is unconstitutional. *Mattel,* 354 F.3d at 863. Accordingly, IT IS HEREBY ORDERED that:

1. The nonresident defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED IN PART and DENIED IN PART** as follows:

   a. Defendants' motion to dismiss is **GRANTED** as to defendants Farzad Ghassemi, Gregory Jacobsen, Scott I. Anderson, Scot Jarvis, and William Hoglund; and

   b. Defendants' motion to dismiss is **DENIED** as to defendant William A. Mazilly.

---

7. Because plaintiffs have failed to meet the purposeful availment prong, this Court need not address whether plaintiffs' claims arose out of the nonresident director defendants'

2. Defendants Ghassemi, Jacobsen, Anderson, Jarvis and Hoglund are **DISMISSED** as defendants in this case.

acts or whether the exercise of jurisdiction would be reasonable. *McGlinchy,* 845 F.2d at 817–18 n. 10.