**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAR 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HK CHINA GROUP, INC.,

           Plaintiff - Appellant,

   v.

BEIJING UNITED AUTOMOBILE &
MOTORCYCLE MANUFACTURING
CORPORATION,

           Defendant - Appellee.

No. 09-56423

D.C. No. 2:08-cv-01348-SVW-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 15, 2011
Pasadena, California

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

   HK China Group, Inc., a California corporation, appeals the dismissal of its

complaint against Beijing United Automobile & Motorcycle Manufacturing

---

      [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Corporation, a Chinese corporation, for lack of personal jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]


I

We have a three-prong test for specific jurisdiction, the first prong of which is that "[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006) (en banc) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). The plaintiff bears the burden on this prong. *Schwarzenegger*, 374 F.3d at 802.

"A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id*. (citation omitted). Suits that include both a breach of contract claim and a fraud claim may "sound primarily in contract" when the

---

[1] We review *de novo* a district court's decision to dismiss for lack of personal jurisdiction. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128 (9th Cir. 2003).

alleged fraud is merely the representations in the contract that gave rise to the breach. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008); *cf. CE Distribution, LLC. v. New Sensor Corp.*, 380 F.3d 1107 (9th Cir. 2004) (tort and contract claims involved different parties). "[W]e have typically analyzed cases that sound primarily in contract . . . under a 'purposeful availment' standard." *Boschetto*, 539 F.3d at 1016.

This case sounds primarily in contract. The alleged fraud arises out of "false representations" that "Plaintiff would be a principal member of any joint venture," while the alleged breach of contract is "excluding Plaintiff as a founding partner in the joint venture." Because the alleged fraud is merely the representation in the contract that gave rise to the breach, purposeful availment analysis applies to the entire suit. *Boschetto*, 539 F.3d at 1016.

An out-of-state party does not purposefully avail itself of a forum merely by entering into a contract with a forum resident. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). Instead, we evaluate "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" to determine purposeful availment. *Id*. at 479.

Few of the prior negotiations in this case occurred in California. The Letter of Intent was signed in China and written in Chinese. Beijing United and HK

3

China met a couple of times in California, but this "temporary physical presence" is insufficient "to overcome the lack of any indicia of a calculated effort by [the defendant] to conduct business in California." *Fed. Deposit Ins. Corp. v. British-American Ins. Co.*, 828 F.2d 1439, 1443 (9th Cir. 1987). There was no such calculated effort by Beijing United here; it was HK China that reached out to Beijing United to conduct domestic business in China.

The Letter of Intent did not contemplate future consequences in California, nor did its terms indicate purposeful availment of California. The seat belts were to be manufactured in China. Even if HK China would have played some role in the joint venture from California, the Letter of Intent did not purport to establish such a joint venture, but instead merely prescribed future negotiations about its possible formation. The Letter of Intent did not contain a choice of law provision for California law, but instead indicated that it was prepared in accordance with both the Chinese and "American laws."

As a result, we conclude that Beijing United did not purposefully avail itself of California. We therefore need not reach the other prongs of the specific jurisdiction inquiry. The district court properly dismissed the complaint on the basis that it lacked personal jurisdiction over Beijing United.

4

## II

The district court did not err in declining to allow HK China jurisdictional discovery on the question of general jurisdiction. We review decisions to deny jurisdictional discovery for abuse of discretion. *Boschetto*, 539 F.3d at 1020. "'Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery.'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir.1995)) (internal alterations omitted).

To establish general jurisdiction, HK China had to show that Beijing United engaged in "continuous and systematic" business contacts with California. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). However, Beijing United did no business in California; all its sales in the United States were to a single Alabama company. Given how attenuated HK China's general jurisdiction claims were, the district court did not abuse its discretion in not granting jurisdiction discovery.

AFFIRMED.

5