**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TODD BRANDT AND KAREN BRANDT,
            *Plaintiffs-Appellants,*

v.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,
            *Defendant-Appellee.*

No. 10-35764

D.C. No.
3:08-cv-05760-BHS

OPINION

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted
June 6, 2011—Seattle, Washington

Filed August 10, 2011

Before: William A. Fletcher and Johnnie B. Rawlinson,
Circuit Judges, and Irma E. Gonzalez,
Chief District Judge.*

Opinion by Judge Gonzalez

---

*The Honorable Irma E. Gonzalez, Chief District Judge for the United
States District Court, Southern District of California, sitting by designa-
tion.

10565

## COUNSEL

Bradley A. Maxa, Gordon, Thomas, Honeywell, L.L.P., Tacoma, Washington, for appellants Todd and Karen Brandt.

William T. Treas, Nielsen Law Firm, L.L.C., Metairie, Louisiana, for appellee American Bankers Insurance Co. of Florida.

## OPINION

GONZALEZ, Chief District Judge:

Todd and Karen Brandt appeal the district court's order granting American Bankers Insurance Company's motion to set aside default judgment for excusable neglect under Fed. R. Civ. P. 60(b)(1). The Brandts argue that once the district court concluded American Bankers acted culpably in failing to respond to the complaint, it was precluded as a matter of law from setting aside the default judgment.

We hold that the district court applied the correct legal standard, and that it did not abuse its discretion.

### *Background*

American Bankers issued a flood insurance policy to the Brandts under the National Flood Insurance Program, 42

U.S.C. §§ 4001 *et seq.*, and its related regulations. After the Brandts' home flooded in December of 2007, the Brandts submitted a claim to American Bankers. Although American Bankers paid a portion of the claim, the Brandts believed the payment was too low.

The Brandts brought suit against American Bankers in the U.S. District Court for the Western District of Washington, alleging breach of contract and bad faith under Washington law. The Brandts served process on American Bankers through the Office of the Insurance Commissioner for the State of Washington ("OIC") as permitted by Washington law. *See* R.C.W. § 48.05.200. The OIC accepted service of the complaint and sent it, via certified mail, to American Bankers' registered agent, Corporations Service Company ("CSC").

Thereafter, CSC forwarded the complaint, via email, to two individuals at Assurant Group, American Bankers' parent company, according to instructions for service on record with CSC. Although personnel at Assurant should have forwarded the complaint to the appropriate personnel at American Bankers, they failed to do so. The Brandts' counsel also mailed a copy of the complaint to the American Bankers claims adjuster handling the matter; however, the claims adjuster stated he did not receive the complaint.

American Bankers did not answer or otherwise respond to the Brandts' complaint, and the Clerk entered default. Upon motion by the Brandts, and following an evidentiary hearing, the district court entered default judgment against American Bankers in the amount of $655,489.42, representing both contractual and extra-contractual state law damages. The following day, counsel for the Brandts sent a letter to American Bankers via fax, demanding payment of the default judgment.

Upon receipt of the Brandts' letter, American Bankers retained counsel, who filed a notice of appearance in the dis-

trict court. Shortly thereafter, American Bankers filed a motion to set aside default for good cause pursuant to Fed. R. Civ. P. 55(c), and to set aside the default judgment for excusable neglect pursuant to Fed. R. Civ. P. 60(b)(1).

For purposes of the Rule 55(c) and 60(b)(1) motion, the Brandts conceded American Bankers had a meritorious defense. The district court found American Bankers was culpable because it "fail[ed] to provide a credible explanation for its failure to respond to Plaintiff's lawsuit." Nonetheless, the court concluded American Bankers' conduct was not intentional or in bad faith. Because American Bankers had a meritorious defense, and any prejudice to the Brandts could be cured, the district court granted American Bankers' motion and ordered the default judgment and entry of default be set aside upon American Bankers' satisfaction of certain conditions.[1]

American Bankers satisfied the conditions imposed by the court. The court set aside the default and default judgment, and reopened the case. After discovery, the district court granted partial summary judgment in favor of American Bankers, dismissing the Brandts' state law extra-contractual and tort claims as preempted by the National Flood Insurance Program. Following a bench trial, the district court concluded American Bankers did not breach its contract of insurance with the Brandts. Thus, the district court entered judgment in favor of American Bankers.

The Brandts now appeal the district court's order setting aside default judgment. They do not appeal the district court's

---

[1]The conditions imposed by the district court were substantial: (1) reimbursement of the Brandts' attorney fees associated with American Bankers' motion to set aside the default judgment; (2) reimbursement of Mr. Brandt's travel expenses to attend the default judgment hearing; and (3) reimbursement of the cost of the Brandts' mortgage payments, plus $1,500 per month, from the date they filed the complaint until the date of the order setting aside the default judgment.

order granting partial summary judgment on the state law extra-contractual and tort claims, or the district court's decision rejecting their breach of contract claim.

## *Standard of Review*

A district court's denial of a motion to set aside either default under Rule 55(c) or default judgment under Rule 60(b)(1), is reviewed for abuse of discretion. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*"); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001) ("*TCI*").

> [T]he first step of our abuse of discretion test is to determine de novo whether the trial court identified the correct legal rule to apply to the relief requested. [T]he second step . . . is to determine whether the trial court's application of the correct legal standard was (1) "illogical", (2) "implausible," or (3) without "support in inferences that may be drawn from the facts in the record."

*Mesle*, 615 F.3d at 1091 (quoting *United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc)).

## *Discussion*

On appeal, the Brandts argue the district court abused its discretion by applying an incorrect legal standard to grant American Bankers' motion to set aside default judgment.[2] Once the district court found American Bankers acted culpa-

---

[2]The Brandts also argue the district court erred as a matter of law in vacating the default judgment based on excusable neglect under Rule 60(b)(1) because American Bankers failed to come forward with affirmative evidence demonstrating what happened to the complaint after it was properly served. However, our cases require no threshhold showing of "excuse" apart from the inquiry into "excusable neglect" under Rule 60(b)(1).

bly in failing to respond to the complaint, the Brandts argue the district court was precluded, as a matter of law, from setting aside the default judgment.

**[1]** Pursuant to Rule 55(c), a district court may set aside the entry of default upon a showing of good cause. Once default judgment has been entered, relief is governed by Rule 60(b). Where a defendant seeks relief under Rule 60(b)(1) based upon "excusable neglect," the court applies the same three factors governing the inquiry into "good cause" under Rule 55(c). *Mesle*, 615 F.3d at 1091. Those factors, which courts consistently refer to as the "*Falk* factors," are:

> (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.

*Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The determination of what conduct constitutes "excusable neglect" under Rule 60(b)(1) and similar rules "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993).

The Brandts argue the district court applied an incorrect legal standard when it set aside the default judgment against American Bankers. The Brandts point to a perceived conflict in the way the *Falk* factors have been applied by this Court in *Mesle* and *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922 (9th Cir. 2004) ("*Franchise Holding II*") on the one hand, and *TCI* on the other. They argue the *Falk* factors are "disjunctive" and that the district court erred when it "balanced" the factors. Applying the "disjunctive approach," the Brandts contend the district court was required, as a matter of law, to deny American Bankers' motion to set aside the default judgment once it found American Bankers acted culpably.

**[2]** However, there is no conflict between our description of the "disjunctive" nature of the *Falk* factors, as expressed in *Franchise Holding II* and *Mesle*, and the approach we took to applying those factors in *TCI*. In all three cases, we held that although a district court should consider the *Falk* factors in ruling on a motion to set aside default judgment, "the district court [is] free to deny [relief] 'if any of the three factors [is] true.' " *Franchise Holding II*, 375 F.3d at 926 (quoting *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2008)); *see also Mesle*, 615 F.3d at 1091; *TCI*, 244 F.3d at 696-97.

In *TCI*, because the district court denied the defendant's motion to set aside default judgment for excusable neglect under Rule 60(b)(1) without providing any explanation, we outlined the factors and equitable principles the district court should consider in the first instance when ruling on a Rule 60(b)(1) motion to set aside a default judgment for excusable neglect. *See TCI*, 244 F.3d at 695-96. Nothing in *TCI* is contrary to the well-established proposition that a finding of culpability on the part of a defaulting defendant is sufficient to justify the district court's exercise of its discretion to deny relief from a default judgment.

Neither *Franchise Holding II* nor *Mesle* supports the new rule the Brandts propose, stripping the district court of its discretion to set aside a default judgment under Rule 60(b)(1) if it finds the defaulting defendant acted culpably. None of the cases cited by the Brandts suggest that a district court is limited in its discretion to set aside a default judgment under Rule 60(b)(1) where the defendant has a meritorious defense and any prejudice can be cured. The rule the Brandts propose conflicts with the Supreme Court's decision in *Pioneer Investment Services*, which describes the inquiry into "excusable neglect" as "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. at 395.

**[3]** In short, the application of Rule 60(b)(1)'s excusable neglect standard "is committed to the discretion of the district courts." *TCI*, 244 F.3d at 695. *TCI*, *Franchise Holding II*, and *Mesle*, as well as the other cases cited by the parties, consistently hold that the district court is to consider the defendant's culpability, the presence of a meritorious defense, and potential prejudice to the plaintiff, in determining whether to set aside a default judgment for excusable neglect under Rule 60(b)(1). A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not. Here, American Bankers had a meritorious defense and prejudice to the Brandts from setting aside default could be cured. The district court's finding that American Bankers acted culpably did not preclude it, as a matter of law, from setting aside the default judgment under Rule 60(b)(1) based upon excusable neglect. The district court applied the correct legal standard, and did not abuse its discretion in setting aside the default judgment.

AFFIRMED.