**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIE MINNS, an individual, | No. 10-55930 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-07640-DDP-CT |
| v. | |
| JAMES B. PEAKE, M.D., Secretary of the Department of Veterans Affairs, Agency, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted January 13, 2012[**]
Pasadena, California

Before: W. FLETCHER and FISHER, Circuit Judges, and ZOUHARY, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Marie Minns appeals the district court's denial of her Fed. R. Civ. P. 60(b)(1) and (b)(6) motion for relief from judgment in her Title VII action alleging race discrimination and retaliation arising from her employment as a nurse case manager for the Veterans Administration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion by denying Minns' motion for relief under Rule 60(b)(1). First, the district court applied the correct legal rule – the four-factor test established by *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). *See Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1110 (setting out the abuse of discretion standard of review); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (applying the four *Pioneer* factors to a motion for relief under Rule 60(b)(1)).

Second, the district court's application of the *Pioneer* factors was not illogical, implausible or without support in inferences that may be drawn from the facts in the record. *See Brandt*, 653 F.3d at 1110. The district court reasonably concluded that the prejudice, length of delay and reason for delay factors favored denial of Minns' motion. Although Rule 60(b)(1) can cover negligence on the part of counsel, *see Bateman*, 231 F.3d at 1223, "ignorance of the rules[] or mistakes construing the rules do not usually constitute 'excusable' neglect," *Pincay v.*

2

*Andrews*, 389 F.3d 853, 857 (9th Cir. 2004) (en banc) (quoting *Pioneer*, 507 U.S. at 392)) (internal quotation marks omitted); *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)."). *Bateman* is distinguishable because, there, plaintiff's counsel "wrote to the court twelve days after it granted summary judgment and filed his Rule 60(b)(1) motion a little more than one month after the court denied his request to rescind the judgment." *Bateman*, 231 F.3d. at 1225. Here, by contrast, Minns filed her motion 11 months after the district court's entry of judgment.

The district court also did not abuse its discretion by denying Minns' motion for relief under Rule 60(b)(6). Although we have held that gross negligence on the part of counsel can justify relief under this provision, *see Lal v. California*, 610 F.3d 518, 524-26 (9th Cir. 2010), Minns has neither invoked this authority nor made a showing of gross negligence.

**AFFIRMED.**