
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE SAKS, M.D., c/o Marvin Gardens, DBA Reconstructive Surgery Affiliates, DBA Reconstructive Surgery Associates; MADISON PARK SURGERY AND LASER CENTER, DBA Madison Park Surgery Affiliates, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> INTERNATIONAL LONGSHORE & WAREHOUSE UNION-PACIFIC MARITIME ASSOCIATION BENEFIT PLANS; ILWU-PMA WELFARE PLAN TRUSTEES; ILWU-PMA WELFARE PLAN, <br><br> Defendants - Appellees. | No. 13-56148 <br><br> D.C. No. 2:09-cv-02885-JAK-E <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted November 3, 2015
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: W. FLETCHER and GOULD, Circuit Judges and CHRISTENSEN,[**] Chief District Judge.

Lawrence Saks, a former plastic surgeon, appeals the district court's grant of summary judgment in favor of International Longshore & Warehouse Union-Pacific Maritime Association Benefit Plans (ILWU-PMA) on Saks's *quantum meruit* claims for over $5 million in unpaid medical treatments. Saks's former business, Madison Park Surgery and Laser Center (Madison Park) is also named as a plaintiff in this action, and appeals the district court's denial of its motion to set aside default. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's grant of summary judgment is reviewed *de novo*. *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011) (citation omitted). Saks challenges the district court's finding that his claims are barred by the unclean hands doctrine, and raises three distinct arguments for the first time on appeal: (1) that his failure to comply with the notice requirements of a Preferred Provider Agreement (PPA) was not willful; (2) that this failure was unrelated to his *quantum meruit* claim as required by California's unclean hands doctrine; and (3) that ILWU-PMA was not prejudiced by the failure. We generally "[do] not consider an issue not passed upon below." *Dodd v. Hood River Cty.*, 59 F.3d 852,

---

[**] The Honorable Dana L. Christensen, Chief District Judge for the U.S. District Court for the District of Montana, sitting by designation.

863 (9th Cir. 1995) (citation and quotation marks omitted). An issue is generally deemed waived if it is not "raised sufficiently for the trial court to rule on it." *Whittaker Corp.v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992) (citation and quotation marks omitted). While Saks points to several brief, vague comments in the record related to his belief that he was fulfilling his contractual obligations under the PPA, these statements were not sufficient to raise the issue of willfulness. Saks also does not explain why the other two arguments raised for the first time on appeal are not waived. We conclude that Saks has waived these arguments. We do not normally sit to resolve issues that were not presented to the district court. *See Dodd*, 59 F.3d at 863; *Whittaker Corp*, 953 F.2d at 515.

Even if Saks had not waived these arguments, his *quantum meruit* claim is barred by the doctrine of unclean hands. We apply California law. In determining whether a particular misconduct constitutes unclean hands, California courts consider (1) analogous case law, (2) the nature of the misconduct, and (3) the relationship of the misconduct to the claimed injuries. *Kendall-Jackson Winery, Ltd. v. Superior Court*, 90 Cal. Rptr. 2d 743, 749 (Cal. Ct. App. 1999). Additionally, "the misconduct must prejudicially affect the rights of the person against whom the relief is sought so that it would be inequitable to grant such relief." *Id.* (citation and quotation marks omitted). While the district court

considered prejudice, the nature of the misconduct, and the relationship of the misconduct to the claimed injuries, it did not address analogous case law. However, we may affirm a grant of summary judgment on any basis supported in the record. *Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 956 (9th Cir. 2009) (citation and quotation marks omitted).

Under the first prong of analogous case law, there does not need to be a case precisely on point. *See Unilogic, Inc., v. Burroughs Corp.*, 12 Cal. Rptr. 2d 741, 744 (Cal. Ct. App. 1992). California has long permitted an unclean hands defense to be sustained on the basis of breach of contract. *See, e.g., Sketchley v. Lipkin*, 222 P.2d 927, 934 (Cal. Ct. App. 1950) ("Equity does not aid him who has breached his agreement.") Regarding the second prong, Saks's misconduct—specifically, his failure to report his criminal convictions, suspensions of his medical license, and loss of staffing privileges while continuing to collect payments for treatments provided to ILWU-PMA members—constitutes unclean hands. The third and final prong is also met, because Saks's failure to report under the terms of the PPA is directly related to his claim for payments from ILWU-PMA. Also, the record is clear that ILWU-PMA was prejudiced by continuing to make nearly a million dollars in payments to Saks and Madison Park

4

because it was unaware of the termination of the PPA. The doctrine of unclean hands applies and Saks is barred from any recovery of his *quantum meruit* claim.[1]

We review a district court's denial of a motion to set aside default for abuse of discretion. *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1110 (9th Cir. 2011) (citations omitted). In assessing whether the district court abused its discretion in denying a motion to set aside default, we review *de novo* whether it identified the correct legal rule. *Id.* We next determine whether the application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record. *Id.*

The district court correctly identified Fed. R. Civ. P. 55(c) as the rule to apply when setting aside entry of default.[2] Under this rule, a court may set aside an entry of default for "good cause." The district court rightly stated that the burden of establishing good cause falls on the moving party. *See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

---

[1] We also note that there is no evidence in the record that ILWU-PMA has any outstanding bills, let alone $5 million worth.

[2] The district also analyzed the motion to set aside default under Fed. R. Civ. P. 60(b). This part of the district court's reasoning was in error, because Rule 60(b) only applies to relief from a final judgment, order, or proceeding. At the time of ruling there had been no final judgment against Madison Park, only an entry of default.

The district court also correctly enumerated the factors that must be considered to evaluate whether "good cause" exists: (1) whether the party seeking to set aside default engaged in culpable conduct that led to the default; (2) whether the party seeking to set aside default had a meritorious defense; and (3) whether setting aside default would prejudice the non-moving party. *Id.* at 925–26.

The court considered all three factors and concluded that (1) that Madison Park was culpable for its own default, (2) that Madison Park lacked a meritorious defense, and (3) that setting aside the default would prejudice ILWU-PMA. The district court's analysis on all three "good cause" factors was logical, plausible, and supported by evidence in the record. There was no abuse of discretion in denying the motion to set aside default.

**AFFIRMED.**