**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

JOHN W. MANN,

               Plaintiff - Appellant,

   v.

NATIONSTAR MORTGAGE, LLC; et al.,

               Defendants - Appellees.

No. 13-15093

D.C. No. 2:12-cv-01077-LRH-RJJ

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

John W. Mann appeals pro se from the district court's judgment dismissing

his action arising out of the foreclosure of his property. We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). First American Trustee Serving Solution, LLC's and Mann's requests for oral argument, filed on October 4, 2013 and October 10, 2013, respectively, are denied.

28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil

Procedure 12(b)(6).  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034,

1040 (9th Cir. 2011).  We may affirm on any basis supported by the record.

*Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121 (9th Cir. 2013).

We affirm.

The district court properly dismissed Mann's claims under Nev. Rev. Stat.

§ 598D.100 because Mann failed to file his action within the applicable statute of

limitations.  *See* Nev. Rev. Stat. § 11.190(3)(a) (three-year statute of limitations for

actions based on liability created by statute).

The district court properly dismissed Mann's claim for quiet title because

Mann failed to allege facts sufficient to show that he had good title and because

defendants did not have an adverse interest in the property.  *See* Nev. Rev. Stat.

§ 40.010 (a quiet title action may be brought against persons with an adverse

interest or claim in the property); *Breliant v. Preferred Equities Corp.*, 918 P.2d

314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the

plaintiff to prove good title in himself.").

The district court properly dismissed Mann's claim under Nev. Rev. Stat.

§ 107.080 because Nevada law does not require the production of the original note

prior to initiation of non-judicial foreclosure proceedings.  *See* Nev. Rev. Stat.

§ 107.080 (setting forth requirements of trustee sale under Nevada law).

On appeal, Mann argues that he alleged federal claims under the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA"), but these claims are not clearly alleged in Mann's complaint. Even if these claims were alleged and the district court overlooked them in its order dismissing Mann's action, dismissal of these claims was proper because they were time-barred and Mann did not demonstrate any basis for equitable tolling. *See* 12 U.S.C. § 2614 (one-year statute of limitations for kickback and failure-to-disclose claims under § 2607 of RESPA); 15 U.S.C. § 1640(e) (one-year statute of limitations for failure-to-disclose claims under TILA). Therefore, there was no prejudice in the district court's failure to address any TILA or RESPA claims.

The district court did not abuse its discretion in granting First American Trustee Servicing Solutions, LLC's ("First American") motion to set aside the entry of the clerk's default because First American demonstrated good cause. *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1110-11 (9th Cir. 2011) (setting forth standard of review and good cause standard under Fed. R. Civ. P. 55(c)). Contrary to Mann's contention, the district court did not abuse its discretion in denying Mann's motion for default judgment against First American because his motion was moot.

The district court did not abuse its discretion in granting Nationstar Mortgage LLC's ("Nationstar") request for judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (setting forth standard of review). Moreover, denial of Mann's request for judicial notice of certain facts and legal conclusions was not an abuse of discretion because these were not the proper subject of judicial notice. *See* Fed. R. Evid. 201(b). However, the district court should have granted Mann's request for judicial notice of public documents, including a printout from the Clark County Recorder's office and a copy of a recorded deed of trust, because these documents were the proper subject of judicial notice. *See id*.

We reject as meritless Mann's contentions regarding the district court's failure to hold a hearing, and its alleged violation of Mann's procedural due process rights.

Mann's request for default judgment against First American, set forth in his reply brief, is denied.

Mann's request to file an amended notice of appeal, filed on May 23, 2013, is denied as unnecessary as to the district court's January 7, 2013 order because the notice of appeal was timely filed as to the January 7, 2013 order. *See* Fed. R. App. P. 4(a)(1)(A). The request is denied as untimely as to the district court's February

4, 2013 order because the request to file an amended notice was filed more than 30 days after the February 4, 2013 order. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

Appellee Stewart Title Guaranty Company's motion to strike or dismiss Rickenbach from the appeal, filed on May 13, 2013, is denied.

**AFFIRMED.**