

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALPHA PHOENIX INDUSTRIES, LLC, an Arizona limited liability company, | No. 14-15060 |
| Plaintiff-Appellee, | D.C. No. 2:12-cv-01848-SMM |
| v. | |
| SCI INTERNATIONAL, INC, a Texas corporation; | MEMORANDUM[*] |
| Defendant, | |
| and | |
| JOANNA BURKE; JOHN BURKE; MARK BURKE, | |
| Defendants-Appellants | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Argued and Submitted October 19, 2016
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: KLEINFELD and M. SMITH, Circuit Judges, and KRONSTADT,[**] District Judge.

Defendants-Appellants Joanna Burke, John Burke and Mark Burke[1] appeal from a default and default judgment and the denial of their motion to set aside the default. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Defendants argue that both the default and the default judgment were invalid because the district court lacked personal jurisdiction over them. "The question whether [a] . . . default judgment [is] void for lack of personal jurisdiction is reviewed *de novo*." *Elec. Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 311 (9th Cir. 1992). "The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "Arizona's long-arm rule permits the exercise of

[**] The Honorable John A. Kronstadt, United States District Judge for the Central District of California, sitting by designation.

[1] SCI International, Inc. (SCI), a Texas company that is operated by John and Joanna Burke, was also named as a defendant in this case. However, Defendants have filed this appeal pro se, and "[i]t is a longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney.'" *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) (quoting *Licht v. Am. W. Airlines (In re Am. W. Airlines)*, 40 F.3d 1058, 1059 (9th Cir. 1994). Therefore, SCI is dismissed from the appeal. *Id.* at 974.

2

personal jurisdiction to the extent allowed by the due process clause of the United States Constitution." *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007) (quoting *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1110 (9th Cir. 2004)).

Due process requires "a defendant, if not present in the forum, [to] have 'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach*, 453 F.3d at 1155. We evaluate minimum contacts by applying a three-part test. This requirement is satisfied when "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Id.*

In this action, Defendants "purposefully 'reach[ed] out beyond'" Texas and into Arizona by posting allegedly defamatory statements about API online. *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014). Moreover, they acted with the stated intent to affect Plaintiff's business, which is based and operates in Arizona. Thus, Defendants' allegedly harmful acts were "expressly aimed" towards Arizona, and

the exercise of personal jurisdiction there was proper. *See Pebble Beach*, 453 F.3d at 1157.

Defendants also contend that the district court erred in its decision not to set aside the default and default judgment. "A district court's denial of a motion to set aside either default under Rule 55(c) or default judgment under Rule 60(b)(1), is reviewed for abuse of discretion." *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1110 (9th Cir. 2011). "[A] 'court may set aside an entry of default for good cause.'" *United States v. Signed Pers. Check No. 730*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Fed. R. Civ. P. 55(c)). "To determine 'good cause', a court must 'consider[] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *Id.* (quoting *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004)). The standard for determining whether to set aside a default judgment under Rule 60(b) "is the same" as the standard to set aside a default under Rule 55(c). *Id.*

Here, the district court concluded that Defendants engaged in bad-faith conduct that led to both the entry of the default and the default judgment, and that Defendants' conduct prejudiced API. This conclusion was reasonable and

4

supported by facts in the record. *See Brandt*, 653 F.3d at 1110. Therefore, there was no abuse of discretion by the district court in declining to set aside the entry of default or the default judgment.

Defendants next argue that the injunction, which was entered as part of the default judgment process, constitutes a prior restraint on their speech in violation of the First Amendment. This is different from the First Amendment argument they made to the district court. There they claimed that "neither equity nor the First Amendment allows for an Injunction against statements whose truth or falsity has not been fully litigated and in any event when there are no findings of falsity or negligence." They also argue for the first time on appeal that the injunction violates the common law, and that the award of monetary damages by the district court was in error.

"[I]ssues not raised to the district court normally are deemed waived." *United States v. Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005). There are "three narrow exceptions to this general rule." *Id.* The court may consider an argument for the first time on appeal when

> (1) there are "exceptional circumstances" why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.

*Id.*

None of these exceptions applies here. The risk of a miscarriage of justice is low. Any harm to Defendants is the result of their repeated and deliberate disregard of court orders. Nor have Defendants identified any change of law during the pendency of their appeal that presents a new issue. Finally, whether the injunction at issue violates the First Amendment or the common law is a mixed question of law and fact, and in this case whether the district court's award of damages was proper is a question of fact. Therefore, the challenges made on these grounds have been waived.[2]

**AFFIRMED.**

---

[2] Defendants also argue in their opening brief that the district court "conspired to pervert the course of justice" by claiming not to have received their Motion to Vacate through the mail. As a result, Defendants state that they had to incur the cost of having the motion delivered in person. As this claim was not presented before the district court, it is also waived on appeal. *See Kimes*, 84 F.3d at 1126. Moreover, Defendants have neither presented a legal argument nor provided any citations that would show that, even if they could somehow establish the truth of these unusual allegations, they would provide a basis for relief.