NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of the Estate of:

FERNE BEVERLY FORD,

*Deceased.*

MICHAEL DENNIS GOHR and FERNE CATHERINE RABAGO,
*Appellants/Cross-Appellees*,

*v.*

HORATIO CLARK FORD, III, *Appellee/Cross-Appellant*,

THE NORTHERN TRUST COMPANY, *Appellee.*

No. 1 CA-CV 16-0179
FILED 1-9-2018

Appeal from the Superior Court in Maricopa County
No. PB1991-004240
The Honorable Terri L. Clarke, Judge *Pro Tempore*

**REVERSED AND REMANDED**

COUNSEL

Broening, Oberg Woods & Wilson, P.C., Phoenix
By Brian Holohan, Terrence P. Woods, Kevin R. Myer
*Counsel for Appellants/Cross-Appellees*

Gallagher & Kennedy, P.A., Phoenix
By Mark A. Fuller, Christopher W. Thompson
*Counsel for Appellee/Cross-Appellant*

Tiffany & Bosco, P.A., Phoenix
By Darren T. Case, Alisa J. Gray
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Kent E. Cattani joined.

---

**H O W E**, Judge:

¶1        Appellants/Cross-Appellees Michael Gohr and Ferne Rabago (collectively "Gohr Beneficiaries") appeal the trial court's orders interpreting the Ferne Beverly Ford Trust and awarding attorneys' fees to Appellee/Cross-Appellant Horatio Clark Ford, III ("Ford"). Ford cross-appeals, arguing that the trial court abused its discretion by granting the Gohr Beneficiaries' relief from judgment motion pursuant to Arizona Rule of Civil Procedure 60(b).[1] For the following reasons, we reverse the trial court's order granting the Gohr Beneficiaries' Rule 60(b) motion. We also reverse the trial court's order awarding Ford attorneys' fees.

**FACTS AND PROCEDURAL HISTORY**

¶2        The relevant facts arise out of the trial court's interpretation of the trust. After the trustee requested instructions from the court on how to interpret the trust, both the Gohr Beneficiaries and Ford submitted their respective interpretations. The trial court found that the trust was ambiguous and held an evidentiary hearing to determine the trustor's intent. Following the hearing, the trial court ruled in Ford's favor.

¶3        The court's June 2015 under advisement ruling (the "original judgment") included the following language: "Pursuant to Rule 54(c) . . . no further matters remain pending, and the Court, therefore, enters this as a

---

[1]        At the time of the underlying proceedings, Rule 60(b) was Rule 60(c). We cite the current version of Rule 60 because the rule's material provisions have not changed since the date of the lawsuit.

final, appealable order." The court then signed the minute entry as a formal court order. The Gohr Beneficiaries failed to appeal from the original judgment within the required 30-day time limit.

¶4        Almost two months later, the Gohr Beneficiaries, represented by new counsel, moved for relief from the original judgment pursuant to Rule 60(b) to file a delayed appeal. The Gohr Beneficiaries submitted with their Rule 60(b) motion an affidavit from their previous counsel who avowed that he did not timely appeal because although he had received the original judgment, he "stopped reading the minute entry once [he] read how the issues in the case had been decided against [the Gohr Beneficiaries]." He continued that he "did not see the need to read beyond what [he] needed to know to explain the outcome[.]" Counsel stated that he read a portion of the minute entry just two lines above the court's finality language and signature but that he did not notice the Rule 54(c) language or the signature.

¶5        In September 2015, the trial court granted the Gohr Beneficiaries Rule 60(b) motion in a signed minute entry (the "re-entered judgment") without providing its reasoning. In that same minute entry, the court sua sponte awarded Ford attorneys' fees after finding that the need for the delayed appeal "was solely caused by counsel for the Gohr Beneficiaries . . . ."

¶6        Believing that the re-entered judgment's language did not use the correct terminology that a delayed appeal requires, the Gohr Beneficiaries moved to amend the judgment and for a new trial. The Gohr Beneficiaries' request for a new trial pertained only to the attorneys' fees portion of the re-entered judgment. The Gohr Beneficiaries argued that the trial court did not have the authority to award attorneys' fees pursuant to Rule 60(b). Both parties subsequently briefed the attorneys' fees issue and the court heard oral argument on the issue. Ford requested attorneys' fees for having to respond to the motion to amend the judgment and for a new trial. Following oral argument, the court ordered Ford's counsel to provide a fee statement and took the matter under advisement.

¶7        In February 2016, the trial court entered a signed order resolving the Gohr Beneficiaries' motion to amend judgment and the attorneys' fees issue. This minute entry amended the re-entered judgment to state that the "judgment dated June 18, 2015 . . . is hereby vacated, and re-entered _nunc pro tunc_, to September 23, 2015," thereby resetting the appeal deadline. Before addressing attorneys' fees, the court stated, "[a]s the Court has previously found, the Motion for Relief was filed as the result

of an error (whether excusable error or not is irrelevant) caused solely by counsel for the Gohr Beneficiaries." The court then granted Ford $14,375 in attorneys' fees for the preparation and response to the Rule 60(b) motion and $12,477.50 in attorneys' fees for responding to the Gohr Beneficiaries motion to amend judgment and new trial. The trial court specifically stated "that since this error was solely caused by counsel for the Gohr Beneficiaries, [they] shall be responsible for the payment of legal fees and costs incurred . . . ." The Gohr Beneficiaries timely appealed from the re-entered judgment and appealed the February 2016 order denying their motion for new trial on the attorneys' fees issue. Ford timely cross-appealed from the re-entered judgment permitting the delayed appeal pursuant to Rule 60(b).

## DISCUSSION

### 1. Rule 60(b) Cross-Appeal

¶8 Because the resolution of the Rule 60(b) issue determines whether we address the merits of the Gohr Beneficiaries' appeal, we discuss it first. Ford argues that the trial court abused its discretion by granting the Gohr Beneficiaries Rule 60(b) motion. Ford contends that counsel's actions in not reading the original judgment in its entirety cannot constitute excusable neglect and therefore, as a matter of law, cannot be the basis for relief pursuant to Rule 60(b). We review the trial court's order granting relief under Rule 60(b) for an abuse of discretion. *City of Phx. v. Geyler*, 144 Ariz. 323, 328 (1985) (analyzing the previous version of Rule 60(b)). An abuse of discretion occurs when the trial court fails to properly apply the governing law. *Horton v. Mitchell*, 200 Ariz. 523, 526 ¶ 13 (App. 2001); *LaFaro v. Cahill*, 203 Ariz. 482, 485 ¶ 10 (App. 2002) ("The misapplication of the law to undisputed facts is an example of an abuse of discretion."). Because the trial court did not determine whether counsel's conduct in failing to read the original judgment in its entirety constituted excusable neglect, it abused its discretion by granting Rule 60(b) relief.

¶9 Rule 60(b) allows the trial court on "just terms" to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Ariz. R. Civ. P. 60(b)(1). In addition to establishing excusable neglect, the moving party in a delayed appeal case must meet the more stringent standards than those of Rule 60(b) by showing "extraordinary, unique, or compelling circumstances[.]" *See Geyler*, 144 Ariz. at 328. A "stronger showing" is needed to justify granting the request for a delayed appeal because "the principle of finality carries greater weight than when the movant is seeking relief from judgment by default." *Id.* Our

supreme court has held that to determine whether conduct is "excusable" for Rule 60(b)(1) purposes, the issue "is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under the same circumstances." *Id.* at 331. Excusable neglect does not mean carelessness. *Sign Here Petitions LLC v. Chavez*, 243 Ariz. 99, 109 ¶ 37 (App. 2017). Ultimately, whether a mistake or neglect is excusable depends on whether counsel acted diligently. *Geyler*, 144 Ariz. at 332. On its face, the rule requires that the conduct be excusable to warrant relief.

**¶10** The trial court here, however, failed to determine whether counsel's conduct in not reading the entire original judgment was excusable. In granting the Gohr Beneficiaries' Rule 60(b) motion, the court stated that "the Motion for Relief was filed as the result of an error (*whether excusable error or not is irrelevant*) caused solely by counsel for the Gohr Beneficiaries." (Emphasis added). As such, the trial court misapplied the law and therefore abused its discretion by granting the Rule 60(b) motion.[2]

**¶11** Although the trial court abused its discretion by failing to determine whether counsel's conduct constituted excusable neglect, we need not remand this issue to the trial court because under these facts, counsel's conduct does not constitute excusable neglect as a matter of law. The facts here are not in dispute. Counsel timely received the original judgment. Though counsel avowed that he did not see the court's finality language or signature, he acknowledged reading the original judgment up to the two lines directly preceding the finality language and signature. Under these circumstances, counsel did not act diligently and no excusable neglect occurred. Consequently, we reverse the trial court's order granting the Gohr Beneficiaries' Rule 60(b) motion and remand to the trial court to enter judgment in Ford's favor.

### 2. The Trial Court's Award of Attorneys' Fees

**¶12** The Gohr Beneficiaries argue that the court erred by awarding Ford attorneys' fees in connection to the Rule 60(b) motion and the motion to amend judgment and new trial because Rule 60(b) does not give the court authority to award attorneys' fees in a motion for a delayed appeal. The court awarded attorneys' fees sua sponte in the same minute entry that it granted the Gohr Beneficiaries' Rule 60(b) motion. Although Rule 60(b) was not specifically referred to in the court's order, Ford contends that Rule 60(b)'s language at the time stating, "upon such terms as are just" gave the

---

2 Because we find that the trial court erred by granting the delayed appeal, the Gohr Beneficiaries' appeal on the underlying merits is moot.

trial court authority to award attorneys' fees. *See* Ariz. R. Civ. P. 60(c) (2015). Ford does not contend that the attorneys' fees for responding to the Rule 60(b) motion are authorized by any other rule or statute. Relying primarily on federal cases, Ford argues that Rule 60(b) allows the trial court to condition relief on the moving party paying attorneys' fees to the non-moving party. *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1110 n.1 (9th Cir. 2011). But because the trial court improperly awarded relief under Rule 60(b), the rule's conditioning of relief "upon just terms" no longer justifies an award of attorneys' fees. Thus, awarding attorneys' fees under Rule 60(b) was improper.

**¶13** Ford argues, however, that A.R.S. § 12–349 provides an alternative basis for the trial court's $12,477.50 attorneys' fees award to Ford for responding to the motion to amend judgment and new trial. "In awarding attorney fees pursuant to § 12–349, the court *shall* set forth the specific reasons for the award[.]" A.R.S. § 12–350 (emphasis added). Although Ford requested, and received, his fees in responding to the motion to amend judgment and new trial, the trial court did not enter any findings awarding attorneys' fees pursuant to A.R.S. § 12–349. Because the requisite findings were not made, we remand to the trial court to determine whether its $12,477.50 attorneys' fees award for responding to the motion to amend judgment and new trial is supported under A.R.S. § 12–349.

## CONCLUSION

**¶14** For the foregoing reasons, we reverse the trial court's order granting the Gohr Beneficiaries' Rule 60(b) motion and remand to the trial court with instructions to enter the judgment in Ford's favor. Further, we reverse in part and remand in part the trial court's order granting Ford attorneys' fees. We dismiss as moot the Gohr Beneficiaries' appeal from the underlying merits.



AMY M. WOOD • Clerk of the Court
FILED:  AA