

E-FILED
CNMI SUPREME COURT
E-filed: Jun 21 2024 03:37PM
Clerk Review: Jun 21 2024 03:37PM
Filing ID: 73449629
Case No.: 2023-SCC-0007-CIV
Judy  Aldan



IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

---

**TRIPLE J SAIPAN, INC.,**
*Plaintiff-Appellee*

*v.*

**LUIS K. PELISAMEN,**
*Defendant-Appellant.*

**Supreme Court No. 2023-SCC-0007-CIV**

---

**SLIP OPINION**

**Cite as: 2024 MP 2**

Decided June 21, 2024

———————

CHIEF JUSTICE ALEXANDRO C. CASTRO
ASSOCIATE JUSTICE JOHN A. MANGLOÑA
JUSTICE PRO TEMPORE ROBERT J. TORRES, JR.

———————

Superior Court Civil Action No. 20-0309-CV
Judge Roberto C. Naraja, Presiding

———————

CASTRO, C.J.:

¶ 1    This appeal concerns a trial court's order granting default judgment. Triple J Saipan, Inc. ("Triple J") filed a complaint against Luis K. Pelisamen ("Pelisamen") for trespass on Triple J's leased land. Pelisamen did not answer the complaint, leading the court to enter default judgment against him. The trial court also denied the Estate of Rita Kaipat's motion to intervene, suggesting it pursue quiet title in a separate action.

¶ 2    On appeal, Pelisamen does not address the default judgment and attempts to dispute ownership of the land on behalf of the Estate of Rita Kaipat ("Kaipat Estate"), despite the Kaipat Estate being neither a party to the appeal nor represented by Pelisamen.[1] For the following reasons, we AFFIRM the default judgment.

## I. FACTS AND PROCEDURAL HISTORY

¶ 3    Triple J leases Lot E.A. 297, covering 11,547 square meters in Chalan Laulau, from the Estate of Jose Rebuenog Lifoifoi ("Lifoifoi Estate"). Lot E.A. 297 is adjacent to a property owned by the Kaipat Estate. In 2020, Triple J sued Pelisamen for trespass onto Lot E.A. 297 because he barricaded a road on the property. Despite proper service of the Complaint and Summons, Pelisamen failed to answer. Triple J then filed for and obtained an entry of default pursuant to Rule 55(a) of the NMI Rules of Civil Procedure. Subsequently, Triple J moved for default judgment under Rule 55(b)(2), seeking $300 in compensatory damages and punitive damages in an amount to be decided by the court.

¶ 4    The hearing on the motion for default judgment occurred in March 2021 after notice was given. This was the first time Pelisamen appeared, with the Kaipat Estate's attorney present.[2] Speaking in Chamorro, Pelisamen contended that he owned the disputed land. Without ruling on the default judgment, the court denied Triple J's request for punitive damages. It stayed the case until ownership of Lot E.A. 297 could be determined during the probate of the Kaipat Estate.

---

[1]    We take judicial notice that Pelisamen—who was forcibly removed as the Kaipat Estate's administrator—was convicted in federal court for wire fraud, conspiracy to commit money laundering, and money laundering. *See United States v. Pelisamen*, 641 F.4d 399, 403 (9th Cir. 2011). These charges stem from his theft of over $600,000 from the Kaipat Estate he claims to still represent in this appeal. *See* Appellant's Br. at 2 ("That clearly in this argument, I am representing the interest of the estate when I stand in the 640 square meter area, part of Lot 1772.")

[2]    During the March 2021 hearing, the attorney appearing on behalf of the Kaipat Estate did not clarify whether he was also representing Pelisamen. At this stage, the Kaipat Estate was not a party in this case and simply filed a notice of appearance. Counsel for the Lifoifoi Estate also made an appearance after the Kaipat Estate filed its motion to intervene. In any case, the Kaipat Estate's participation in the hearing is not an appearance on behalf of Pelisamen. Appearing pro se, Pelisamen represented only himself at the hearing.

¶ 5      After more than a year since the default judgment hearing and no resolution in the separate probate, the Kaipat Estate filed a Motion to Intervene and Triple J opposed. A hearing in October 2022, where Pelisamen was present, addressed the intervention and also readdressed the motion for default judgment. The trial court denied the Kaipat Estate's motion to intervene and granted in part default judgment for $300. Pelisamen timely appeals.

## II. JURISDICTION

¶ 6      We have appellate jurisdiction over final judgments and orders of the Commonwealth Superior Court. NMI CONST. art. IV, § 3.

## III. STANDARD OF REVIEW

¶ 7      The sole issue on appeal is whether the trial court abused its discretion when it granted default judgment against Pelisamen. We review an order for entry of default judgment for abuse of discretion. "An abuse of discretion exists if the court based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Commonwealth v. Crisostomo*, 2018 MP 5 ¶ 19.

## IV. DISCUSSION

¶ 8      Pelisamen argues that he is the rightful owner of the land on which Triple J alleges he trespassed. Appellant's Br. at 1–2. The order being appealed does not address this argument, but does deny intervention for Kaipat Estate and grants default judgment against Pelisamen. Kaipat Estate is not a party to this appeal and no party has raised any issues with the denial of the motion to intervene. We review only the trial court's decision to enter default judgment and Pelisamen's assertion of ownership in relation to the default judgment.

### A. Default judgments are a two-step process.

¶ 9      Generally, a default judgment is a final judgment entered against a party who has failed to plead or otherwise defend a lawsuit within the required time. NMI Rule of Civil Procedure 55 sets forth the two-step process for default judgments. Rule 55 also designates the procedure for setting aside entry of default and default judgment.

### 1. Rule 55(a): Entry of Default was proper.

¶ 10      Before default judgment can be granted, the default must be entered by the clerk of court. NMI R. CIV. P. 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* Notice is not required. *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 512 (9th Cir. 1986) ("Rule 55(a) . . . has no notice requirement."). Entry of Default is not a discretionary measure, and must be entered when properly shown. NMI R. CIV. P. 55(a).

¶ 11      Triple J sued Pelisamen in September 2020. Pelisamen did not waive service and was required to "to file a responsive pleading or otherwise defend the suit within 21 days after service." NMI R. CIV. P. 12(a)(1)(A)(i); NMI R. CIV. P. 55(a). When Triple J filed for entry of default in December 2020, Pelisamen had

failed to plead or otherwise defend himself—he had not appeared before the court in any capacity or showed an intention to defend against the suit. The clerk therefore had to enter default against Pelisamen. NMI R. CIV. P. 55(a) ("the clerk *must* enter the party's default.") (emphasis added). We find the entry of default proper.

*2. Rule 55(b)(2): Default Judgment by the court was proper.*

¶ 12    Unless the plaintiff's claim is for a sum certain, a party "must apply to the court for a default judgment" once default is entered. NMI R. CIV. P. 55(b)(2). A trial court may set aside an entry of default upon a showing of good cause, and if a judgment by default has been entered, it may likewise set it aside in accordance with Rule 60(b). NMI R. CIV. P. 55(c). Rule 60(b)(4) mandates that the trial court set aside a default judgment when the judgment is void. The determination of whether good cause exists is a matter of discretion left to the trial court. *In re Woodruff*, 2015 MP 11 ¶ 20.

¶ 13    Pelisamen did not move to set aside default judgment before appealing to this Court. Still, "to avoid an unduly technical disposition of the case," we treat his appeal "as having applied for both Rule 55(c) and 60(b) relief" in the trial court. *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969).

¶ 14    Pelisamen's decision to appeal without having first moved the trial court to set aside the default judgment limits our review. *Commonwealth Dev. Auth. v. Camacho*, 2010 MP 19 ¶ 21. As a general rule, if a party fails to first challenge a default judgment in the trial court, then the defaulting party "foregoes the ability to submit new evidence into the record and raise issues on appeal that require factual development." *Id.* If the defaulting party wishes to raise defenses to a default judgment that require factual development, it "must first raise those issues in the trial court before it notices an appeal, otherwise it . . . waives those defenses." *Id.* The Court can only consider issues that are part of the trial court's record or contain questions of law. *Id*. at ¶ 22. We cannot consider any issue that requires us to examine facts that were not established below.

¶ 15    When determining whether to set aside a default or default judgment, we consider: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had a meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. *In re Woodruff*, 2015 MP 11 ¶ 21. We have adopted the Ninth Circuit's interpretation of Federal Rules of Civil Procedure to guide our decision in granting relief from default entries and judgments. *See id.*

¶ 16    Our past decisions are not clear regarding whether this list of factors should be applied disjunctively or conjunctively. In *Roberto v. De Leon Guerrero*, we first considered the three factors to be conjunctive and required the movant to establish all three before we would set aside either the default or default judgment. 4 NMI 295, 297 (1994). Conversely, we found only one factor to be dispositive in *Woodruff*, but acknowledged it was unclear whether a party must establish every factor. 2015 MP 11 ¶ 21. The Ninth Circuit has also been

inconsistent regarding whether it requires all three factors to be met. *Compare TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696–97 (9th Cir. 2001) (requiring that the factors favor vacating the judgment) *with United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (stating that the list is disjunctive and "finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default.").

¶ 17    Despite this inconsistency, our precedent is clear that the existence of a meritorious defense is required to successfully set aside entry of default. *In re Woodruff*, 2015 MP 11 ¶ 21. The Ninth Circuit has similarly acknowledged that it is within the court's discretion to deny setting aside the judgment based on only one of the factors. *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1112 (9th Cir. 2011). "To permit reopening of the case in the absence of some showing of a meritorious defense would cause needless delay and expense to the parties and court system." *Haw. Carpenters' Trust Funds*, 794 F.2d at 513. As we employ the same analysis for both entry of default and default judgment, we require a showing of a meritorious defense to set aside either. We do not foreclose the possibility that other cases before this Court or the Superior Court could present factual scenarios where a balance of all three factors may require a different analysis. *See Brandt*, 653 F.3d at 1112 (reasoning that balancing the factors is not inconsistent with a disjunctive analysis, but declining to do so with the facts presented). The facts before us make clear that we need only evaluate whether Pelisamen has asserted a meritorious defense.

¶ 18    To mount a meritorious defense, "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *In re Woodruff*, 2015 MP 11 ¶ 25. The defendant need only "allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default." *Id.* (quoting *Mesle*, 615 F.3d at 1094).

¶ 19    In one other instance, this Court has reviewed whether a meritorious defense existed in the context of a default judgment. In *Woodruff,* the appellant did not properly respond to a disciplinary action filed against him in the trial court and default judgment was entered. On appeal, the Court held that the appellant did not demonstrate the existence of a meritorious defense to the disciplinary action. *In re Woodruff*, 2015 MP 11 ¶ 27. The Court stated that even if his client's declaration and the allegedly deficient notice provided defenses to three of the complaints, appellant did not offer authority for the proposition that the Superior Court judgments in other client matters are preclusive of disciplinary action. *Id.* He did not allege facts sufficient to constitute a meritorious defense to the underlying disciplinary action. *Id.*

¶ 20    Pelisamen has claimed that he owned a small segment of land leased by Triple J from the Lifoifoi Estate. Appellant's Brief at 2. He has not offered legal authority or evidence for his claims. Instead, Triple J offered evidence that Pelisamen waived his ownership claims in 2018. Specifically, Triple J introduced a 2018 written agreement in which Pelisamen and his spouse explicitly

renounced any claim to Lot E.A. 297 and recognized Jose R. Lifoifoi as its sole owner. Ex. C (Apr. 15, 2018 Agreement). Pelisamen signed this agreement personally and in his purported role as the Executor of the Kaipat Estate:[3]

> Luis K. Pelisamen and Estrella DLC. Pelisamen hereby agree to cancelled [sic] rescind and waive all rights to the . . . part of EA 297 included with Lot 1772 and recorded map document 87-0557 drawing 2040/87 recorded on March 03, 1987 by Sang Lim Kim. They now agree to follow the boundaries given to the Estate of Rita Kaipat through that certain Certificate of Title containing a total area of 30,155 square meters seen in certified Map File No. 2040-99 recorded March 03, 1999. Furthermore, Luis K. Pelisamen and Estrella DLC Pelisamen and the Rita Kaipat Estate agree to waive any claim in its entirety of on Lot E.A. 297 containing 11,547 square meter; [sic] presently owned by Jose R. Lifoifoi.
> *Id.* at 2.

¶ 21     At the March 2021 hearing, Pelisamen did not offer any counter-evidence or explanation for why Triple J's evidence should not be considered. The court stayed the case and waited for the separate action between the Kaipat and Lifoifoi Estates to conclude. During the October 2022 hearing, the trial court gave Pelisamen a second opportunity to discuss the trespass claim, where he again produced no viable defense of ownership.

¶ 22     At each stage of the case before the trial court, Pelisamen failed to present a meritorious defense. He did not adequately refute the 2018 agreement that he signed. He also did not answer the complaint against him, waiving the affirmative defense of ownership. *See* Order Denying Motion to Intervene, Lifting Stay on Case and Granting Default Judgment Against Defendant at 5 n. 2. Pelisamen has not alleged sufficient facts constituting a meritorious defense against the trespass claim. Lacking a meritorious defense, there is no sufficient reason to set aside the default and default judgment.

*B. The court did not err in staying proceedings and denying punitive damages.*

¶ 23     Finally, we note that the trial court's denial of punitive damages and stay are not an abuse of discretion. "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." NMI R. Civ. P. 55(b)(2). Although the trial court did not make a final ruling after the March 2021 hearing, the court actions were well within the bounds of Rule 55(b)(2).

¶ 24     The court's conduct shows no prejudice against Pelisamen, nor has Pelisamen explained how he would have been prejudiced. Pelisamen had more than a year and two hearings to prove he owned the disputed land or otherwise

---

3     *See supra* at ¶ 2 fn. 1.

defend against the trespass complaint. The trial court's handling of this case falls comfortably within its authority under Rule 55 and is not an abuse of discretion.

## V. CONCLUSION

¶ 25     For the foregoing reasons, the trial court did not abuse its discretion when it entered default judgment against Pelisamen. We AFFIRM.


SO ORDERED this 21st day of June, 2024.



/s/
ALEXANDRO C. CASTRO
Chief Justice


/s/
JOHN A. MANGLOÑA
Associate Justice


/s/
ROBERT J. TORRES, JR.
Justice Pro Tempore

COUNSEL

Luis Pelisamen, Saipan, MP, Pro Se Appellant.

Jose Mafnas, Saipan, MP, for Appellee.

*NOTICE*

*This slip opinion has not been certified by the Clerk of the Supreme Court for publication in the permanent law reports. Until certified, it is subject to revision or withdrawal. In any event of discrepancies between this slip opinion and the opinion certified for publication, the certified opinion controls. Readers are requested to bring errors to the attention of the Clerk of the Supreme Court, P.O. Box 502165 Saipan, MP 96950, phone (670) 236–9715, e–mail Supreme.Court@NMIJudiciary.gov.*



E-FILED
CNMI SUPREME COURT
E-filed: Jun 21 2024 03:39PM
Clerk Review: Jun 21 2024 03:39PM
Filing ID: 73449630
Case No.: 2023-SCC-0007-CIV
Judy  Aldan

IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

---

**TRIPLE J SAIPAN, INC.**
*Plaintiff-Appellee*

**v.**

**LUIS PELISAMEN**
*Defendant-Appellant.*

---

**Supreme Court No. 2023-SCC-0007-CIV**
Superior Court Civil Action No. 20-0309-CV

**JUDGMENT**

Defendant-Appellant Luis K. Pelisamen appeals the trial court's order granting default judgment against him for trespass on land leased by Plaintiff-Appellee Triple J Saipan, Inc. For the reasons discussed in the accompanying opinion, the Court AFFIRMS.

ENTERED this 21st day of June, 2024.


 /s/
―――――――――――――――――
JUDY T. ALDAN
Clerk of the Supreme Court