NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEW HIGH LIMITED, a Hong Kong corporation,<br><br>       Plaintiff-Appellee,<br><br>  v.<br><br>GLOBAL MERCH GROUP, LLC, a Nevada limited liability company,<br><br>       Defendant-Appellant. | No.   22-55983<br><br>D.C. No.<br>2:21-cv-09608-CAS-PVC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted August 12, 2024[**]
Pasadena, California

Before:  EBEL,[***] BADE, and FORREST, Circuit Judges.

Appellant-Defendant Global Merch Group, LLC (Global Merch) appeals the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

district court's order denying its motion under Federal Rule of Civil Procedure 60(b) to vacate the entry of default judgment against it and in favor of Plaintiff-Appellee New High Limited (New High). We have jurisdiction under 28 U.S.C. § 1291. *Jeff D. v. Kempthorne*, 365 F.3d 844, 850 (9th Cir. 2004). We review for an abuse of discretion, *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1110 (9th Cir. 2011), and we affirm.

1. Global Merch contends that because the district court clerk never entered a default, the district court abused its discretion and violated due process by denying the motion to vacate the default judgment. This argument fails to address the district court's conclusion that default was not set aside because Global Merch had failed to meet an "express condition" for setting aside default.

The district court granted the motion to set aside the default "on the condition" that Global Merch pay New High reasonable attorneys' fees by a certain date. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546–47 (9th Cir. 1988) (explaining that the district court had discretion "to condition setting aside a default upon the payment of a sanction," such as requiring that "the defendant reimburse the plaintiff for costs incurred because of the default"). Global Merch failed to pay the attorneys' fees by that date. The district court then ordered Global Merch to show cause why default judgment should not be entered, and Global Merch failed to file any

2

response. Therefore, the district court did not set aside the clerk's entry of default, and Global Merch's procedural and constitutional arguments are refuted by the district court record. The district court did not abuse its discretion in denying the motion to vacate the default judgment.

2.     Alternatively, Global Merch argues that, because it was unincorporated at the time of the alleged transactions, the district court abused its discretion in denying the motion to vacate.[1] As the party seeking relief under Rule 60(b), Global Merch had "the burden of proving the existence of a justification for Rule 60(b) relief." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (citations omitted). But Global Merch has never explained how its formation arguments relate to Rule 60(b). *See Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) (per curiam) (court may affirm on any basis in record). Because Global Merch did not explain how the district court's order applied the incorrect law, was based on an incorrect finding of fact, or "applie[d] the correct legal standard in a manner that results in an abuse of discretion," *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006) (citation omitted),

---

[1] The district court concluded that because Global Merch would have been able to "determine the date of its formation as a corporate entity," at the time of the order granting default judgment, this argument failed to meet the requirements of Local Rule 7-18, which provides that a motion for reconsideration "may be made only on the grounds of . . . a material difference in fact or law . . . that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered." C.D. Cal. R. 7-18.

3

Global Merch has failed to meet its burden to show an abuse of discretion, *Brandt*, 653 F.3d at 1110; *Molloy v. Wilson*, 878 F.2d 315, 315 (9th Cir. 1989) (explaining that we reverse "only upon a clear showing of abuse of discretion" (emphasis omitted)).

3.    New High's cursory request for sanctions in its answering brief is denied without prejudice to refiling in a separate motion.

**AFFIRMED.**